IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROQUE GUTIERRES ALMAZAN, | : | CIVIL ACTION NO. **4:CV-13-0678** |
|---|---|---|
| Plaintiff | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| CONCEPCION ARIAZ TELLEZ, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.     Background.**

On March 14, 2013, Plaintiff, Roque Gutierres Almazan, an inmate at the State Correctional Institution at Cresson ("SCI-Cresson"), Cresson, Pennsylvania, filed, *pro se*, the instant civil rights Complaint, pursuant to 42 U.S.C. § 1983, against Defendant Concepcion Ariaz Tellez[1], in the U.S. District Court for the Middle District of Pennsylvania. (Doc. 1).  Plaintiff also seems to name Carlos Ganduho Gonzales, a truck driver, as an additional Defendant. (Doc. 1, p. 2). Plaintiff used a form civil rights Complaint and he indicated that it was filed pursuant to 28 U.S.C. § 1331 against federal officials.  Plaintiff does not indicate that either Defendant is a federal official as required for a civil rights action under §1331, and he does not indicate that either Defendant is a state actor as required for a §1983 civil rights action.   Also, on March 14, 2013, Plaintiff filed a Motion for

---

[1]Plaintiff spells the last name of Defendant Concepcion Ariaz Tellez as both "Tallez" and "Talles."

Leaveto Proceed *in forma pauperis*.² (Doc. 2).

**II.    Discussion.**

Plaintiff alleges that on January 4, 2006, in the Bucks County Court of Common Pleas, Doylestown, Pennsylvania, Family Division, that he was defamed in court by Defendant Concepcion Ariaz Tellez. (Doc. 1, p. 2).  Since Plaintiff is alleging that he was defamed in state court, we construe him as having filed his instant Complaint under §1983.  (Doc. 1).

We find that Plaintiff's claims against Defendant Concepcion Ariaz Tellez should be transferred to the District Court for the Eastern District of Pennsylvania.³  Plaintiff is alleging defamation against Defendant which occurred in 2006 the Bucks County Court of Common Pleas in Doylestown, Pennsylvania, and his claim against Defendant Concepcion Ariaz Tellez allegedly occurred in Doylestown, Pennsylvania, within the jurisdiction of the District Court for Eastern District of Pennsylvania.

Plaintiff's Complaint (Doc. 1) is largely unintelligible. As mentioned, Plaintiff states that Defendant Concepcion Ariaz Telles defamed him in the Bucks County Court of Common Pleas, Family Division on January 4, 2006. Furthermore, Plaintiff states that on January 4, 2006, Defendant Concepcion Ariaz Telles "presented herself [with] her Attorney Judy Rodriguez-Martinez to testify in front of the judge to what she had stated I wrote on the document." Furthermore, Plaintiff states that "with the document I present to the court the (sic) Concepcion Ariaz Tellez is the evidence of the lie

---

²We will recommend that this Court defer to the transferee court to rule on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

³ See *Washington v. Grace*, 2010 WL 4922912, *7 & *10 (M.D. Pa. 11-9-10).

that occurred to the Court Bucks County Pennsylvania Family Division[.] For this reason the lie and defamation."

Additionally, in his claim for relief, Plaintiff states that he wants this Court to get "the person who lied [to] turn in the evidence to support [Concepcion Ariaz Tellez's] statement. I have signed documents to support my statement from [December 30, 2005] signed by Concepcion Ariaz Tellez." (Doc. 1, p. 3). Plaintiff does not state any personal involvement of Defendant Carlos Ganduho Gonzales, a truck driver, with respect to the allegations in his Complaint. As mentioned, Plaintiff does not indicate that either Defendant is a state actor as required for a §1983 civil rights action.

Plaintiff is confined as SCI-Cresson which is located in the Western District of Pennsylvania and his claims accrued in the Eastern District of Pennsylvania. Thus, Plaintiff's case has no connection whatsoever with the Middle District of Pennsylvania and venue in the Middle District of Pennsylvania is not proper.

We will recommend that Plaintiff's case be transferred to the District Court for the Eastern District of Pennsylvania, since this is the more convenient forum regarding Plaintiff's claims, pursuant to 28 U.S.C. §1404(a). The District Court of Eastern District of Pennsylvania clearly would have jurisdiction over Plaintiff Almazan's claims, all of which arose in Bucks County, Doylestown, Pennsylvania. *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. (12-20-10 Order).

In *Washington v. Grace*, 2010 WL 4922912, *10-*11 (M.D. Pa. 11-9-10), the Court stated:

> When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the Court. Under 28 U.S.C. § 1406:
>
> The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought.

28 U.S.C.. § 1406(a).

This Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the Plaintiff notice of its concerns and an opportunity to be heard on the issue. *See e.g., Stjernholm v. Peterson,* 83 F.3d 347, 349 (10th Cir.1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum; *Abuhouran v. Kaiserkane, Inc.*, *supra*.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, the relevant Defendants were located in the Western District of Pennsylvania, and "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference;
> (3) where the claim arose; (4) the convenience of the parties; [sic]
> (4) the convenience of the witnesses, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> (5) the location of books and records, similarly limited to the extent
> that the files could not be produced in the alternative forum;
> (6) the enforceability of the judgment; (7) practical considerations that
> could make the trial easy, expeditious, or inexpensive; (8) the
> relative court congestion in the competing courts; (9) the local interest
> in deciding local controversies at home; (10) the public policies of
> the fora; (11) and the familiarity of the trial judge with the applicable
> state law.

5

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[4]

Based on the above analysis of the relevant factors as they pertain to the instant case, specifically regarding the listed factors 2, 3, 4, 7, and 9, the calculation weighs in favor of transferring Plaintiff Almazan's case as against both Defendants to the District Court for the Eastern District of Pennsylvania.[5] *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.); *Washington, supra*.

Therefore,, we find that for the convenience of the parties, this case should be transferred to the District Court for Eastern District of Pennsylvania as against Defendant Almazan. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007); *Washington v. Tank Industry Consultants, Inc.*, 2008 WL 4916038 (E.D. Pa. 11-14-08); *Abuhouran v. Kaiserkane, Inc.*, *supra*.

We will recommend that Plaintiff's case be transferred to the District Court for the Eastern District of Pennsylvania. As stated, neither Plaintiff Alamzan nor his claims have any connection with the Middle District of Pennsylvania. Furthermore, we recommend that the Court defer to the transferee court to rule on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

---

[4]The quote from *Brown* contained two factors number (4).

[5]We recognize that Plaintiff fails to state any cognizable constitutional claim in his Complaint and that the 2-year statute of limitations with respect to any state law defamation claim has long expired. However, we recommend that the transferee court decide these issues.

**III. Recommendation.**

Based on the foregoing, we respectfully recommend that Plaintiff's Complaint **(Doc. 1)** be transferred to the District Court for the Eastern District of Pennsylvania.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 21, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROQUE GUTIERRES ALMAZAN, | : | CIVIL ACTION NO. **4:CV-13-0678** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CONCEPCION ARIAZ TELLEZ, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 21, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                          s/ Thomas M. Blewitt
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: March 21, 2013**